# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| STEVEN WOODALL, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | CIVIL ACTION NO. 5:08-01032 |

## PROPOSED FINDINGS AND RECOMMENDATION

On August 28, 2008, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner states the following as grounds for relief:[2]

> Steven Woodall is serving a 46 month sentence in Federal prison. Before sentencing Petitioner was released on bond by this court. That period of time from about July 21, 2006 to January 22, 2007, and was under special conditions of which Mr. Woodall had to report to U.S.P.O. office, and drug testing. Now Petitioner is asking this honorable court to grant that time period toward his sentence.

(Id., p. 2.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that Petitioner originally filed the above as a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which the District Court re-characterized as a petition seeking relief under 28 U.S.C. § 2241. (Document Nos. 1-2.)

is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Having conducted a thorough examination of the Petitioner's Application, the undersigned has determined that Petitioner is not entitled to *habeas* relief.

## ANALYSIS

Petitioner essentially alleges that he should be granted credit for the time period he was released on bond. (Document No. 1.) Specifically, Petitioner argues that he is entitled to approximately six months custody credit because he was required to report to probation and submit to drug testing as a condition of his release. (Id.) The Attorney General, through the Federal Bureau of Prisons [BOP], is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The BOP must adhere to 18 U.S.C. § 3585(b) when computing the terms of imprisonment. Title 18 U.S.C. § 3585(b) provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

18 U.S.C. § 3585(b). "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." United States v. Woods, 888 F.2d 653 655 (10th Cir. 1989). Thus, conditions of release do not constitute "custody" or "official detention." United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991)(holding that conditions imposed pursuant to petitioner's appeal bond, which included that petitioner reside with her parents and leave the residence only to seek employment or travel to work or church, did not constitute "official detention" under Section 3585); also see United States v. Prine, 167 Fed. Appx. 962 (4th

Cir. 2006)(finding that "time spent on home confinement with electronic monitoring does not constitute time served in 'official detention' under 18 U.S.C. § 3585(b)"); Randall v. Whelan, 938 F.2d 522 (4th Cir. 1991)(stating that the defendant was not entitled to credit against his prison sentence for the time he spent in a drug rehabilitation center prior to entering the federal penitentiary even though his release to the center was a restrictive condition); and Burgos v. Thompson, 879 F.Supp. 37 (N.D.W.Va. 1995)(holding that defendant was not entitled to credit for presentence time served at a community treatment center, where defendant's stay at the center was a condition of release on bond). In Reno v. Koray, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), the United States Supreme Court stated that "[a] defendant suffers 'detention' only when committed to the Attorney General's custody . . .; a defendant admitted to bail, even on restrictive conditions, . . . is 'released.'" Reno v. Koray, 515 U.S. 50, 51, 115 S.Ct. 2021, 2022, 132 L.Ed.2d 46 (1995). Based on the foregoing, the undersigned finds that Petitioner is not entitled to custody credit for the time he spent on bond even though Petitioner was subject to restrictive conditions while released on bond.[3] Accordingly, Petitioner is not entitled to *habeas* relief.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application (Document No. 1.) with prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

---

[3] Furthermore, Petitioner fails to indicate whether he has fully exhausted his administrative remedies.

hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: April 15, 2009.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge